IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION No. 03-105-2 |
| v. | : | CIVIL ACTION No. 16-2781 |
| CARL CRAWFORD | : | |

**MEMORANDUM**

Juan R. Sánchez, J.                                                                                             May 3, 2024

      Defendant Carl Crawford has filed a "Motion for New Trial Pursuant to 28 U.S.C. § 2255(f)(3)," seeking relief from his 2004 convictions for drug and firearms offenses on the ground that the prosecutor's use of peremptory challenges to strike prospective black jurors from the venire violated equal protection. Because the motion is an unauthorized second or successive § 2255 motion, the Court lacks jurisdiction to consider it. The motion will therefore be dismissed.

      In 2004, Crawford was convicted of possession with intent to distribute cocaine and possession of a firearm by a convicted felon and was sentenced to a total of 240 months' imprisonment. Crawford's convictions were affirmed on direct appeal, but the case was remanded for resentencing pursuant to *United States v. Booker*, 543 U.S. 220 (2005). *See* ECF No. 261. In 2006, Crawford was against sentenced to 240 months, and that sentence was affirmed on appeal. *United States v. Crawford*, 274 F. App'x 151 (3d Cir. 2008).

      In 2009, Crawford filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, challenging, inter alia, the exclusion of black persons from the jury. The court denied the motion, finding that, to the extent Crawford had raised a claim based on *Batson v. Kentucky*, 476 U.S. 79 (1986), the claim was procedurally defaulted. Op. 9-11, ECF No. 310. Crawford has since

requested authorization to file a second or successive § 2255 motion from the Third Circuit Court of Appeals on several occasions, as required under § 2255(h), but those requests have been denied.

In June 2016, Crawford filed the instant motion for a new trial, arguing the prosecutor's use of peremptory challenges to strike prospective black jurors from the venire violated equal protection.[1] The case was later reassigned to the undersigned district judge in March 2024.[2] Although styled as motion for new trial, the motion seeks relief under § 2255. *See* Mot. for New Trial 1, ECF No. 375 (arguing the motion is timely under § 2255(f)(3) because it is based on the Supreme Court's decision in *Foster v. Chatman*, 578 U.S. 488 (2016), and was filed within a year of that decision).

Because Crawford's motion seeks relief from the same 2006 judgment that was the subject of his earlier § 2255 motion, it is a "second or successive motion," which Crawford must obtain authorization to file from the Third Circuit Court of Appeals. *See United States v. Hawkins*, 614 F. App'x 580, 582 (3d Cir. 2015). The motion "must be certified by [the Court of Appeals] to rely upon either 'newly discovered evidence' showing innocence or 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" *United States v. Peppers*, 899 F.3d 211, 220 (3d Cir. 2018) (quoting 28 U.S.C. § 2255(h)). As Crawford did not obtain the required authorization, this Court lacks jurisdiction to consider the motion and must either "dismiss [it] for lack of jurisdiction or transfer it to [the Third

---

[1] Although the motion invokes the Equal Protection Clause of the Fourteenth Amendment, Crawford was prosecuted federally, so his equal protection claim arises under the Fifth Amendment. *See United States v. Clemons*, 843 F.2d 741, 745 n.3 (3d Cir. 1988) (noting the equal protection analysis of *Batson* "applies to federal prosecutions through the fifth amendment" (citation omitted)).

[2] On March 26, 2019, Crawford's term of imprisonment was reduced to time served.

Circuit] to be treated as an application under §§ 2244 and 2255(h)." *Hawkins*, 614 F. App'x at 582 (citing *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)).

The Court finds dismissal is appropriate here, as Crawford's motion "does not prima facie satisfy the §§ 2244 and 2255(h) standard." *Id.* The motion does not rely on newly discovered evidence. And while Crawford maintains his claim is based on the Supreme Court's 2016 decision in *Foster*, the Court in that case did not create a new rule of constitutional law but applied its earlier decision in *Batson*. Crawford's motion for new trial will therefore be dismissed.

An appropriate order follows.

BY THE COURT:

   /s/ Juan R. Sánchez
Juan R. Sánchez, J.