IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | No. 3-105-2 |
| | : | |
| CARL CRAWFORD | : | |

## MEMORANDUM

**Judge Juan R. Sánchez**                                                      **April 21, 2026**

Defendant Carl Crawford petitions the Court for early termination of his supervised release under 18 U.S.C. § 3583(e). Because the § 3553(a) factors support termination, his motion will be granted.

## BACKGROUND

Crawford seeks termination of supervised release stemming from his conviction for possession with intent to distribute cocaine and possession of a firearm by a felon. Gov't's Opp'n 1, Dkt No. 433. In 2004, he was sentenced to 240 months' imprisonment and ten years of supervised release. *Id.* He later completed the Supervision to Aid Re-entry Program (STAR), reducing his supervised release term by twelve months, with a current termination date of April 11, 2028. *Id.* Crawford has served sixteen and a half years of his custodial sentence and slightly more than half of his supervised release term. Def.'s Mot. 3, Dkt. No. 432.

Crawford has complied with all conditions of supervision. He has maintained steady employment since 2019, pursued coursework in business management at the Community College of Philadelphia, and earned a counseling certificate from Drexel University. *Id.* at 4. He is married, has two daughters, and has maintained stable housing. *Id.* The Government acknowledges his compliance but argues it reflects only routine adherence to supervision conditions. Gov't's Opp'n 4–5. The Probation Office does not oppose the motion.

**DISCUSSION**

18 U.S.C. § 3583(e) allows an appropriate sentencing court to "terminate a term of supervised release prior to its expiration." *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020). The Third Circuit has clarified that "exceptional, extraordinary, new, or unforeseen" circumstances are not required for a district court to grant early termination of supervised release.  *Melvin*, 978 F.3d at 53; *United States v. Mabry*, 528 F. Supp. 3d 349, 359 (3d Cir. 2021).

District courts have wide leeway to consider whether early termination is appropriate under sentencing factors found in § 3553(a).  *Melvin*, 978 F.3d at 52.  These factors are as follows:

> (1) The nature and circumstances of the offense and the defendant's history and characteristics, (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

*Id.* (citation omitted).

The first factor, the nature and circumstances of Crawford's offense, supports early termination.  Crawford's offenses were serious, particularly his firearm conviction, but the record does not reflect any history of violent conduct. His post-release conduct is more probative here. He has maintained stable employment, pursued education, and sustained a stable family life. These facts indicate a low likelihood of recidivism. *Cf. United States v. Del Buono*, No. 2:07-CR-00677-01, 2026 WL 209966, at *3 (E.D. Pa. Jan. 27, 2026) (denying early termination for defendant who lacked remorse at the time of sentencing and had been a long-time drug dealer, making his likelihood of recidivism higher).

2

The second factor—the need for deterrence, protection of the public, and rehabilitation—also favors termination. Crawford served a lengthy custodial sentence and has completed more than half of his supervised release term without incident. While compliance with supervision is expected, Crawford's record reflects more than bare compliance. His sustained employment, educational efforts, and stable home life indicate that continued supervision is not necessary to deter future criminal conduct or protect the public. *Cf. United States v. Zamichieli*, No. CR 12-182, 2024 WL 3161750, at *2 (E.D. Pa. June 25, 2024) (rejecting motion for supervised release because the defendant had traffic violations for exceeding speed limit while on supervised release and had only served one third of his supervised release sentence).

The third and fifth factors—the applicable sentencing range and the need to avoid unwarranted disparities—are neutral. Crawford was sentenced to 240 months under 21 U.S.C. § 841, the mandatory minimum under this statute at the time of sentencing. Def.'s Sentencing Mem. 1, Dkt No. 269. Crawford's sentence was later reduced under the First Step Act. Dkt. No. 400. However, at the time, Crawford had already served sixteen and a half years of his twenty-year sentence. Def.'s Mot. at 3. Because the First Step Act is a federal law aimed at reduction of sentences for all persons sentenced under mandatory minimums, terminating supervision at this stage would not create unwarranted disparities among similarly situated defendants. *Cf. United States v. Volkert*, No. 5:22-CR-00172, 2026 WL 325666, at *3 (E.D. Pa. Feb. 6, 2026) (denying early termination in part because the defendant's sentence was below what guidelines recommended).

The fourth factor, pertinent Sentencing Commission policy statements, supports termination. The Guidelines encourage courts to consider early termination in appropriate cases.

3

*See* U.S.S.G. § 5D1.4, Amendment 835. Given Crawford's demonstrated rehabilitation and low risk of recidivism, this is such a case.

The sixth factor, the need to provide restitution, is neutral. Crawford's offenses did not result in any restitution obligation, and there is no ongoing need to ensure compensation to victims. *Cf. United States v. Boyle*, No. CR 16-271, 2023 WL 2601176, at *2 (E.D. Pa. Mar. 22, 2023) (denying early termination because the defendant committed financial fraud and still owed substantial amounts of money to victims).

Finally, courts in this District have granted early termination in comparable circumstances where defendants have served substantial portions of their sentences and demonstrated rehabilitation through stable employment and law-abiding conduct. *See e.g., United States v. Pearson*, No. CR 04-433, 2024 WL 1936226 (E.D. Pa. May 1, 2024) (terminating supervised release of defendant convicted of intent to distribute cocaine and possession of firearm by a felon after he served "over six years of his ten-year term of supervised release"); *United States v. Watson*, No. CR 00-313-5, 2025 WL 1656645 (E.D. Pa. June 11, 2025) (terminating supervised release to defendant who was convicted of an intent to distribute cocaine because of his stable employment and home life); *United States v. Nesbitt*, No. CR 09-181-1, 2025 WL 2940759 (E.D. Pa. Oct. 16, 2025) (terminating supervised release of defendant who was convicted of unlawful possession of a firearm because he had maintained stable housing and employment while on supervised release).

**CONCLUSION**

Crawford's conduct while on supervised release, the § 3553(a) factors, and the interest of justice support early termination. The Court will grant his motion.

4

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.